# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| CLINTON STRANGE | CIVIL ACTION NO. 18-cv-1028 |
| VERSUS | CHIEF JUDGE HICKS |
| JOHN DOE | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Clinton Strange is a self-represented plaintiff who has filed a number of civil actions in this court to enforce the Telephone Consumer Protection Act. The complaint filed in this action alleges that a "John Doe" debt collection agency has called Plaintiff's cell phone number multiple times even though Plaintiff has repeatedly asked to be removed from their call list, has his number registered on the do-not-call listings, and has no outstanding debt or other business relationship with the calling agency.

Plaintiff has filed a **Motion for Expedited Discovery (Doc. 3)** in which he asks to serve a subpoena on the unknown agency's telecommunications provider, Intelequint, Inc., to seek the identity of the John Doe defendant. Plaintiff alleges that he made several calls to the collection agency to ask its identity so that he could make a written request that it stop calling, but the agents would hang up on him when he made his request. A reverse phone number look-up site revealed only the carrier information for the agency (assuming a spoof number is not being employed).

The information that Plaintiff seeks is specific, and there is no alternative means for him to obtain the information. The commercial caller has little expectation of privacy

considering the nature of its business. Accordingly, the court finds that Plaintiff has demonstrated good cause to serve a subpoena on the telecommunications provider and seek the name and address of the person or company associated with the number that has placed calls to Plaintiff. See ELargo Holdings, LLC v. Doe, 318 F.R.D. 58 (M.D. La. 2016); Cobbler Nevada, LLC v. Does 1-16, 2015 WL 12803708 (S.D. Tex. 2015); and Martin v. Glob. Mktg. Research Servs., Inc., 2015 WL 6083537, *6 (M.D. Fla. 2015).

Plaintiff's **Motion for Expedited Discovery (Doc. 3)** is **granted** as follows. The Clerk of Court is directed to issue a Rule 45 subpoena to Plaintiff. Plaintiff is granted leave to serve the subpoena on the telecommunications provider described in his motion and request the name and address of the individual or company associated with the phone number identified in his motion.[1] Plaintiff must serve a copy of this order along with the subpoena. The telecommunications provider will have 30 days from the date of service of the subpoena to serve a response on Plaintiff.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of August, 2018.

_____
Mark L. Hornsby
U.S. Magistrate Judge

---

[1] The subpoena must be served in accordance with Federal Rule of Civil Procedure 45, which provides in part: "Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person …"